# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF GEORGIA
### BRUNSWICK DIVISION

GREGORY BARTKO,

        Petitioner,

    v.

LINDA GETER,

        Respondent.

CIVIL ACTION NO.: 2:20-cv-6

## ORDER AND MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Gregory Bartko ("Bartko") filed a 28 U.S.C. § 2241 Petition, as amended.

Docs. 1, 7. For the following reasons, I **RECOMMEND** the Court **DISMISS** Bartko's Petition,

as amended, **DENY** as moot all pending Motions, and **DIRECT** the Clerk of Court to **CLOSE**

this case and enter the appropriate judgment of dismissal.[1]

---

[1] A "district court can only dismiss an action on its own motion as long as the procedure employed is fair. . . . To employ fair procedure, a district court must generally provide the plaintiff with notice of its intent to dismiss or an opportunity to respond." Tazoe v. Airbus S.A.S., 631 F.3d 1321, 1336 (11th Cir. 2011) (citations and internal quotation marks omitted). A magistrate judge's Report and Recommendation provides such notice and opportunity to respond. See Shivers v. Int'l Bhd. of Elec. Workers Local Union, 349, 262 F. App'x 121, 125, 127 (11th Cir. 2008) (indicating that a party has notice of a district court's intent to sua sponte grant summary judgment where a magistrate judge issues a report recommending the sua sponte granting of summary judgment); Anderson v. Dunbar Armored, Inc., 678 F. Supp. 2d 1280, 1296 (N.D. Ga. 2009) (noting that report and recommendation served as notice that claims would be sua sponte dismissed). This Report and Recommendation constitutes fair notice to Bartko that his suit is due to be dismissed. As indicated below, Bartko will have the opportunity to present his objections to this finding, and the presiding district judge will review de novo properly submitted objections. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; see also Glover v. Williams, No. 1:12-CV-3562, 2012 WL 5930633, at *1 (N.D. Ga. Oct. 18, 2012) (explaining that magistrate judge's report and recommendation constituted adequate notice and petitioner's opportunity to file objections provided a reasonable opportunity to respond).

# BACKGROUND

After a 13-day jury trial in the Eastern District of North Carolina, Bartko was convicted of: conspiracy to commit mail fraud, selling unregistered securities, engaging in money laundering, and engaging in unlawful monetary transactions, in violation of 18 U.S.C. § 371 (Count 1); mail fraud and aiding and abetting, in violation of 18 U.S.C. §§ 1341 and 2 (Counts 2 through 5); and selling unregistered securities and aiding and abetting, in violation of 15 U.S.C. §§ 77e and 77x and 18 U.S.C. § 2 (Count 6). Jury Verdict, <u>United States v. Bartko</u>, 5:09-cr-321 (E.D. N.C. Nov. 18, 2010), ECF No. 158. Bartko filed a motion for new trial, as amended, based, as relevant here, on his claims the government withheld information it had an agreement in place for Scott Hollenbeck regarding his trial testimony, that Mr. Hollenbeck lied at trial when he testified that there were no such agreements, and the government failed to disclose any such agreements, in violation of <u>Brady</u>/<u>Giglio</u>/<u>Napue</u>.[2] <u>Id.</u>, ECF Nos. 212, 213 (July 1 and 5, 2011). In its 120-page order denying Bartko's motion for new trial, the Eastern District of North Carolina court determined there were no <u>Brady</u>, <u>Giglio</u>, or <u>Napue</u> violations relating to Bartko's claims concerning Mr. Hollenbeck.[3] <u>Id.</u>, ECF No. 246 (Jan. 17, 2012). The trial court sentenced

---

[2]     <u>Brady v. Maryland</u>, 373 U.S. 83 (1963); <u>Giglio v. United States</u>, 405 U.S. 150 (1972); <u>Napue v. Illinois</u>, 360 U.S. 264 (1959).

[3]     In its order, the trial court addressed other issues and motions for new trial Bartko presented. Order, <u>United States v. Bartko</u>, 5:09-cr-321 (E.D. N.C. Jan. 17, 2012), ECF No. 246, pp. 1–2 (citing ECF No. 212, Mtn. on Hollenbeck's agreement). However, only Bartko's claims relating to Mr. Hollenbeck are relevant to the issues raised in this Petition. As to Bartko's claims relating to Mr. Hollenbeck's agreement with the government, the trial court noted Mr. Hollenbeck underwent a "lengthy cross-examination," and defense counsel "thoroughly impeached" Hollenbeck on several grounds and "explored at great length and with absolutely devastating effect Hollenbeck's character for untruthfulness." <u>Id.</u> at pp. 100, 101. The trial court summarized Mr. Hollenbeck's agreement evidence as "cumulative impeachment evidence" and stated that, even if it were not cumulative, there was no reasonable probability that the disclosure of any agreements in place would have resulted in a different verdict, as Hollenbeck was "not critical" to the government's case and there was no reliance on his credibility in prosecuting Bartko. <u>Id.</u> at p. 107. Indeed, the Fourth Circuit Court of Appeals, in its review of Bartko's assertions relating to the Hollenbeck agreement, did not think, even if evidence of the agreement would have impeached Hollenbeck, that it would "have made an iota of difference" in the

Bartko to 276 months' imprisonment, which was comprised of 60 months on counts 1 and 6, to be served concurrently with each other and consecutively to his 216-month sentence on counts 2 through 5, to be served concurrently with each other.  Id., ECF No. 260 (Apr. 4, 2012).

Bartko filed a direct appeal.  Id., ECF No. 262 (Apr. 13, 2012).  The Fourth Circuit Court of Appeals affirmed Bartko's convictions and sentences and, in so doing, specifically addressed Bartko's Brady/Giglio/Napue claims relating to the Hollenbeck agreement raised in his motion for new trial and found that, even if information concerning the government's promises to Mr. Hollenbeck had been available to Bartko, it would not have made any difference to the jury's final judgment, and such information would have merely been cumulative.  United States v. Bartko, 728 F.3d 327, 336–39 (4th Cir. 2013).  Ultimately, the court concluded that if there was any governmental misconduct regarding Mr. Hollenbeck, it did not undermine the court's confidence in the jury's verdict.  Id.

Bartko then filed a 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence in the trial court.  Mot., United States v. Bartko, 3:05-cr-321 (E.D.N.C. Jan. 26, 2015), ECF No. 292.  Bartko filed a motion to amend his § 2255 motion, which the trial court granted.  Id., ECF Nos. 305, 310, 316 (July 27, Aug. 4, and Sept. 16, 2015).  The government and Bartko filed various motions and responses, including Bartko filing a cross-motion for summary judgment. Id., ECF No. 327 (Dec. 30, 2015).  Bartko also filed a motion to supplement his Brady claims based on his investigators' findings and Mr. Hollenbeck's "recantation statement."  Id., ECF No. 339 (Mar. 28, 2018) (hereafter "supplemental Brady claims").

In a 43-page order, the Eastern District of North Carolina denied Bartko's § 2255 motion, his cross-motion for summary judgment, and his motion to supplement.  Id., ECF No. 351;

_____

jury's verdict.  United States v. Bartko, 728 F.3d 327, 338 (4th Cir. 2013).  In addition, the Fourth Circuit found this evidence would have been cumulative.  Id. at 338–39.

Bartko v. United States, No. 5:09-CR-321, No. 5:15-CV-42, 2018 WL 57808308 (E.D.N.C. Nov. 2, 2018). As to Bartko's asserted Brady/Giglio/Napue violations, the court concluded Bartko could not meet or overcome his procedural default, show actual innocence, or state a meritorious claim. Order, United States v. Bartko, 5:09-cr-321 (E.D.N.C. Nov. 2, 2018), ECF No. 351. The trial court specifically addressed Bartko's supplemental Brady claims, finding Bartko's claims, raised four years after judgment, were untimely. Alternatively, and despite a finding of untimeliness, the trial court found Bartko's supplemental Brady claims were without merit, stating, "The court does not believe Hollenbeck's recantation statements[,]" as he is "one of the least credible witnesses to appear in a United States District Court[]" and that "the court is not making this up, Hollenbeck recanted his recantation testimony."[4] Id. at 37–38. Additionally, the trial court stated, even if it were to credit Mr. Hollenbeck's recantation testimony, it "would not have made any difference in Bartko's trial." Id. at p. 39. Bartko filed a notice of appeal, which the Fourth Circuit dismissed and found Bartko had not made the requisite certificate of appealability showing. Id., ECF Nos. 353, 366 (Dec. 20, 2018 & Aug. 15, 2019). The United States Supreme Court denied Bartko's petition for writ of certiorari. Id., ECF No. 383 (Feb. 24, 2020). Bartko has also filed a motion for relief from judgment under Federal Rule of Civil Procedure 60 and a motion to expand the record in the trial court. Id., ECF Nos. 359, 368 (Feb. 26 & Sept. 3, 2019). Those motions are currently pending.

---

[4]     Bartko recognizes that Hollenbeck has, indeed, now recanted his own recantation. Doc. 7-1 at 4. However, according to Bartko, Hollenbeck's backpedaling was due to intimidation from government agents. Id. at 4–5.

**DISCUSSION**

In his Petition, Bartko states he is seeking adjudication of the supplemental <u>Brady</u> claims he raised in his § 2255 proceedings, the vacatur of his convictions, and his release from custody. Doc. 1 at 8.

**I.        Whether Bartko can Proceed Under § 2241**

Bartko's Petition should be dismissed because it is a second or successive attack on his federal conviction that can only be made in compliance with § 2255, and Bartko has not satisfied the requirements of § 2255.  Bartko's attempt to label his filing as a § 2241 petition does not help.  His Petition is a barred and should be dismissed.

Section 2241 habeas corpus petitions "are generally reserved for challenges to the execution of a sentence or the nature of confinement, not the validity of the sentence itself or the fact of confinement." <u>Vieux v. Warden</u>, 616 F. App'x 891, 896 (11th Cir. 2015) (internal punctuation and citation omitted).  Ordinarily, an action in which an individual seeks to collaterally attack "the validity of a federal sentence must be brought under § 2255," in the district of conviction.  28 U.S.C. § 2255(a); <u>Turner v. Warden Coleman FCI (Medium)</u>, 709 F.3d 1328, 1333 (11th Cir. 2013).  To utilize § 2241 to attack the validity of a federal sentence or conviction, a petitioner must show that the remedy afforded under § 2255 is "inadequate or ineffective." <u>Taylor v. Warden, FCI Marianna</u>, 557 F. App'x 911, 913 (11th Cir. 2014); <u>Turner</u>, 709 F.3d at 1333 (noting the petitioner bears the burden of establishing that the remedy under § 2255 was inadequate or ineffective to test the legality of his detention).  A motion to vacate covers only challenges to the validity of a sentence, but the saving clause and a petition for a writ of habeas corpus cover challenges to the execution of a sentence.  <u>Cf.</u> <u>Antonelli v. Warden, U.S.P. Atlanta</u>, 542 F.3d 1348, 1351 n.1 (11th Cir. 2008) ("It is well-settled that a § 2255 motion

to vacate is a separate and distinct remedy from habeas corpus proper . . . .  A prisoner in custody pursuant to a federal court judgment may proceed under §2241 only when he raises claims outside the scope of § 2255(a), that is, claims concerning execution of his sentence.") (internal citations omitted)); United States v. Flores, 616 F.2d 840, 842 (5th Cir. 1980) ("[The prisoner's] appropriate remedy is under § 2255, not 28 U.S.C. § 2241, since the alleged errors occurred at or prior to sentencing.").

Section 2255(e) provides:

An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, **unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention**.

28 U.S.C. § 2255(e) (emphasis added).  The above-emphasized portion of § 2255(e) is referred to as the "saving clause."  "Section 2255(e) makes clear that a motion to vacate is the exclusive mechanism for a federal prisoner to seek collateral relief unless he can satisfy" the saving clause. McCarthan v. Dir. of Goodwill Indus.-Suncoast, Inc., 851 F.3d 1076, 1081 (11th Cir. 2017).

To determine whether a prisoner satisfies the saving clause, a court need only analyze "whether the motion to vacate is an adequate procedure to test the prisoner's claim." Id. at 1086. To answer this question, a court should "ask whether the prisoner would have been permitted to bring that claim in a motion to vacate.  In other words, a prisoner has a meaningful opportunity to test his claim whenever section 2255 can provide him a remedy." Id. at 1086–87.  In short, when reviewing a § 2241 petition, courts should look to whether the petitioner's claim is of a kind that is "cognizable" under § 2255.  If so, the petitioner cannot meet the "saving clause" and cannot proceed under § 2241.  To be sure, "[t]he remedy [afforded] by [a § 2255] motion is not ineffective unless the procedure it provides is incapable of adjudicating the claim." Id. at 1088.

Whether the petitioner in entitled to relief under § 2255 is not relevant to the <u>McCarthan</u> test. Rather, it is the "remedy" that must be "inadequate or ineffective" to trigger the saving clause, meaning "the available process—not substantive relief." <u>Id.</u> at 1086.

The saving clause can be used in cases presenting "limited circumstances," but Bartko does not present any of those circumstances through his instant Petition.[5] Bartko is clearly challenging the validity of his sentence and convictions, which he freely admits. Doc. 1 at 4. This is the type of claim that § 2255 encompasses. It is clear Bartko is not attacking the manner in which his sentence is being executed but his sentence itself. He would have been permitted to bring this type of claim in a motion to vacate, and § 2255 provided Bartko with an adequate procedure to test his claim. In fact, Bartko has invoked § 2255 and other post-conviction relief motions on several occasions. Despite Bartko's contentions to the contrary, the trial court addressed the relative merits of Bartko's supplemental <u>Brady</u> claims and found them to be without merit. Orders, <u>United States v. Bartko</u>, (E.D. N.C.), ECF Nos. 262, 351. To be clear, the Eastern District of North Carolina court denied Bartko's supplemental <u>Brady</u> claims, noting recantation testimony is "viewed with great suspicion" and, "standing alone, is insufficient to set aside" a conviction. <u>Id.</u>, ECF No. 351, p. 36. The trial court stated it did not believe Mr. Hollenbeck's statements because "Hollenbeck's life is filled with lies, fraud, and forgery[,]" and his recantations statements were made "approximately eight years after trial and when [Hollenbeck] had nothing left to lose." <u>Id.</u> at p. 37. The court continued by finding "copious

---

[5]    Examples of cases presenting "limited circumstances" in which the saving clause is applicable are challenges to the deprivation of good-time credits or parole determinations, when the sentencing court has been dissolved, or when a petitioner was sentenced in multiple courts. <u>McCarthan</u>, 851 F.3d at 1092–93. However, "only in those kinds of limited circumstances is [the remedy by motion] 'inadequate or ineffective to test the legality of his detention.'" <u>Id.</u> (citations omitted). It is not enough to trigger the "saving clause" to claim that new case law exists, that new facts have come to light, or that the § 2255 court got it wrong. <u>Id.</u> at 1086, 1090.

amounts of other evidence supported Mr. Hollenbeck's trial testimony concerning Bartko's knowledge of Hollenbeck's fraudulent fundraising tactics." Id. at p. 38. Additionally, the court noted that, even if it were to accept Mr. Hollenbeck's statements as true (which it could never find), Bartko's supplemental Brady claims failed under both the "reasonable probability" and "jury might have reached a different conclusion" standards for recantation testimony. Id. at pp. 38–39. Further, the court noted Bartko's continued assertion that Hollenbeck was the prosecution's key witness against him and that the trial court and the Fourth Circuit both rejected that argument. Id. at p. 39. The trial judge specifically asserted he had presided over Bartko's 13-day trial and had "again reviewed every piece of evidence" to conclude Hollenbeck's recantation testimony "would not have made any difference in Bartko's trial." Id. The trial judge also noted there was no credible evidence before the court supporting Bartko's claims the government knowingly used Mr. Hollenbeck's perjured testimony, that the government encouraged Mr. Hollenbeck to implicate Bartko, or that the government encouraged Mr. Hollenbeck to testify falsely. Id. at pp. 39–40. The Fourth Circuit dismissed Bartko's appeal of the denial of his § 2255 motion and found Bartko had not made the requisite certificate of appealability showing. Id., ECF Nos. 353, 366 (Dec. 20, 2018 & Aug. 15, 2019). The United States Supreme Court denied Bartko's petition for writ of certiorari. Id., ECF No. 383 (Feb. 24, 2020).

Further, Bartko's § 2255 remedy is not nullified within the meaning of the saving clause merely because he may not be able to overcome procedural requirements for relief. See McCarthan, 851 F.3d at 1086 ("[A] procedural bar might prevent relief, but that bar does not render the motion itself an ineffective or inadequate remedy."). Thus, the fact that Bartko may face a successiveness bar against a successive § 2255 motion or a statute of limitations bar to

bringing a § 2255 motion does not itself render a § 2255 motion inadequate or ineffective. Id.;

Gilbert v. United States, 640 F.3d 1293, 1308 (11th Cir. 2011). Rather, "[w]hat makes the

§ 2255 proceeding 'inadequate or ineffective' for [a petitioner] is that he had no 'genuine

opportunity' to raise his claim in the context of a § 2255 motion." Zelaya v. Sec'y, Fla. Dep't of

Corr., 798 F.3d 1360, 1370 (11th Cir. 2015).

Section 2255 provided Bartko an "adequate procedure" to test his conviction and

sentence before the sentencing court. Indeed, Bartko used the § 2255 mechanism in the District

of his conviction on a previous occasion, including raising his supplemental Brady claims, but

was not successful. Consequently, Bartko cannot show § 2255's remedy is "inadequate or

ineffective" to challenge his conviction sentence and "cannot now use the saving clause to make

[his] claim in a petition for a writ of habeas corpus." McCarthan, 851 F.3d at 1099–1100. It is

apparent Bartko has filed this § 2241 Petition solely to have another bite at the apple, hoping this

Court will review the relative merits of his supplemental Brady claims and reach a result

contrary to the trial court's determination. Because Bartko cannot satisfy the saving clause, his

claim is procedurally barred, and the Court cannot reach the merits of his arguments.[6]

---

[6]     To the extent Bartko asserts Fourth Circuit caselaw—whether as to saving clause jurisprudence or
to the substantive caselaw relating to his supplemental Brady claims—controls here, doc. 2 at 1–2, such
an assertion does not provide Bartko with his requested relief because the result would be the same in
either Circuit. United States v. Wheeler, 886 F.3d 415, 425 (4th Cir. 2018) (noting agreement with
Eleventh Circuit's view that a § 2241 petition raising a claim that could be brought under § 2255 motion
is not cognizable except in "extraordinary circumstances[]"). In addition, the Wheeler court stated:

> [Section] 2255 is inadequate and ineffective to test the legality of a sentence when: (1) at
> the time of sentencing, settled law of this circuit or the Supreme Court established the
> legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255
> motion, the aforementioned settled substantive law changed and was deemed to apply
> retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping
> provisions of § 2255(h)(2) for second or successive motions; and (4) due to this
> retroactive change, the sentence now presents an error sufficiently grave to be deemed a
> fundamental defect.

**CONCLUSION**

Based on the foregoing, I **RECOMMEND** the Court **DISMISS** Bartko's Petition, as amended, **DENY as moot** all pending Motions, and **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENY** Bartko leave to appeal *in forma pauperis*.

The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within 14 days of the date on which this Report and Recommendation is entered. Any objections asserting that the undersigned failed to address any contention raised in the pleading must also be included. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions herein. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). A copy of the objections must be served upon all other parties to the action.

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made herein. Objections not meeting the specificity requirement set out above will not be considered by the District Judge.

---

Id. at 429. Bartko has not shown he meets at least three of these four criteria. What is more, this Court has applied McCarthan to a § 2241 petition where the petitioner was sentenced in the Fourth Circuit, indicating Eleventh Circuit precedent controls in these situations. Wells v. Flournoy, Civil Action No. 2:17-cv-65 (S.D. Ga. Jan. 17, 2018), *report and recommendation adopted*, 2018 WL 842179 (S.D. Ga. Feb. 12, 2018); see also Johnson v. Warden, FCC Coleman-USP I, No. 5:11-cv-42, 2015 WL 13309320 (M.D. Fla. Feb. 26, 2015) (applying Eleventh Circuit's saving clause test to a petitioner convicted in the Eighth Circuit).

The Court **DIRECTS** the Clerk of Court to serve a copy of this Report and Recommendation upon Bartko.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 14th day of April, 2020.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA