FILED
John E. Triplett, Acting Clerk
United States District Court

By MGarcia at 2:33 pm, Jul 22, 2020

# In the United States District Court
# For the Southern District of Georgia
# Brunswick Division

| | | |
|---|---|---|
| GREGORY BARTKO, | * | |
| | * | |
| Petitioner, | * | CIVIL ACTION NO.: 2:20-cv-6 |
| | * | |
| v. | * | |
| | * | |
| LINDA GETER, | * | |
| | * | |
| Respondent. | * | |

## ORDER

After an independent and de novo review of the entire record, the undersigned concurs with the Magistrate Judge's Report and Recommendation. Dkt. No. 9. Petitioner Gregory Bartko ("Bartko") filed Objections to this Report and Recommendation. Dkt. No. 14.

In his Objections, Bartko argues the Magistrate Judge incorrectly applied Eleventh Circuit caselaw to find Bartko does not meet the saving clause of 28 U.S.C. § 2255(e). Id. at pp. 2-5. Bartko's argument fails. Eleventh Circuit authority controls the application of § 2255(e) saving clause to a 28 U.S.C. § 2241 petition filed in this Circuit, even where the charge, conviction, sentencing, and initial § 2255 proceedings

all occurred outside the Circuit.[1] See Samak v. Warden, FCC Coleman-Medium, 766 F.3d 1271, 1274 (11th Cir. 2014) (evaluating § 2241 petition filed in Florida district court under Eleventh Circuit saving clause jurisprudence where original charge, conviction, sentence, and first § 2255 motion all occurred in Fifth Circuit). The Magistrate Judge committed no error in applying McCarthan v. Director of Goodwill Industries-Suncoast, Inc., 851 F.3d 1076, 1081 (11th Cir. 2017), to Bartko's Petition, and Bartko has not shown that his Petition should not be dismissed under McCarthan.

Moreover, the Court would reach the same conclusion regardless of whether it applies Eleventh Circuit caselaw—which governs this Court—or Fourth Circuit caselaw—which governs the court which convicted Bartko: Bartko does not satisfy the requirements of the saving clause, and he cannot proceed with his claims under § 2241. The Magistrate Judge noted this. Dkt. No. 9, pp. 7-9 & 9-10 n.6.

---

[1] Cases cited in Bartko's Objections support this conclusion. See, e.g., Morgenstern v. Andrews, No. 5:12-HC-2209, 2013 WL 6239262, at *2 (E.D.N.C. Dec. 3, 2013), aff'd, 569 F. App'x 158 (4th Cir. 2014) (applying Fourth Circuit saving clause jurisprudence to petition arising from conviction and sentence in Eleventh Circuit); Bender v. Carter, No. 5:12CV165, 2013 WL 5636745, at *3 (N.D. W.Va. Oct. 15, 2013), aff'd, 564 F. App'x 694 (4th Cir. 2014) (holding that substantive law of district of conviction applies under the controlling procedural law of the court presiding over the § 2241 petition).

Among his more generalized objections, Bartko argues § 2255's remedy is inadequate or ineffective because the court considering his initial § 2255 motion erroneously concluded his supplemental Brady claims—the only claims he pursues in this petition—were untimely under 28 U.S.C. § 2255(f). Dkt. No. 14, p. 15. Bartko recognizes this argument would fail under Eleventh Circuit saving clause authority. Id. As noted above, Eleventh Circuit authority plainly controls. Bartko invokes In re Jones, 226 F.3d 328 (4th Cir. 2000), arguing that the Fourth Circuit utilizes a "more malleable" saving clause standard than the Eleventh Circuit. Even under In re Jones, Bartko's argument still fails, as he has not established the requirements set forth in that case and has not demonstrated any reason for being excused from doing so.[2]

Bartko's remaining arguments are nothing more than an iteration of his § 2241 Petition and of the relative merits of his claims, which he recognizes are still pending in the District of conviction, and generalized attacks on his underlying sentence and conviction. Dkt. No. 14, pp. 12-13, 18-25.

---

[2] In McCarthan v. Dir. of Goodwill Industries-Suncoast, Inc., 851 F.3d 1076, 1085 (11th Cir. 2017), the Eleventh Circuit noted the In re Jones decision and explained the Fourth Circuit requires a petitioner seeking to invoke the saving clause to prove actual innocence of the charged offense. Thus, Bartko's claims fail on this basis and would fail under both Eleventh Circuit and Fourth Circuit authority.

The Court **OVERRULES** Bartko's Objections and **ADOPTS** the Magistrate Judge's Report and Recommendation as the opinion of the Court.  The Court **DISMISSES** Bartko's 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus, **DIRECTS** the Clerk of Court to **CLOSE** this case and to enter the appropriate judgment of dismissal, and **DENIES** Bartko *in forma pauperis* status on appeal.

SO ORDERED, this \_\_\_22\_\_ day of \_\_\_July\_\_\_\_\_, 2020.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA